**KENT & McFARLAND**
**ATTORNEYS AT LAW**
THE LAW EXCHANGE BUILDING
24 NORTH MARKET STREET, SUITE 300
JACKSONVILLE, FLORIDA 32202

CRIMINAL DEFENSE
IN FEDERAL AND STATE COURTS
TRIAL - APPEAL - POST-CONVICTION RELIEF

TELEPHONE (904) 355-1890
FAX (904) 355-0602
EMAIL KENT@WILLIAMKENT.COM

March 29, 2019

Mr. David J. Smith
Clerk of the Court
United States Court of Appeals
Eleventh Circuit
56 Forsyth Street NW
Atlanta, Georgia 30303

Re: *United States v. Corrine Brown*, Case No. 17-15470

Dear Mr. Smith:

This letter is to advise the Court pursuant to Rule 28(j), Federal Rules of Appellate Procedure, of the order entered March 28, 2019 granting a stay of execution in *Murphy v. Collier*, Supreme Court Case Number 18A985, as supplemental authority in the above-referenced case, a copy of which is being filed herewith for the Court's convenience.

The Court's attention is particularly directed to Justice Kavanaugh's concurring opinion in which he states, in part, as follows:

> As this Court has repeatedly held, governmental discrimination against religion—in particular, discrimination against religious persons, religious organizations, and religious speech—violates the Constitution. The government may not discriminate against religion generally or against particular religious denominations. See *Morris County Bd. of Chosen Freeholders v. Freedom from Religion Foundation*, 586 U. S. ___, ___ (2019) (statement of KAVANAUGH, J., respecting denial of certiorari) (slip op., at 2); *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 582 U. S. ___, ___–___ (2017) (slip op., at 13–14); *Larson v. Valente*, 456 U. S. 228, 244 (1982).

This citation relates to the argument in Appellant Brown's brief that the district court's action in dismissing the juror in Brown's case violated the juror's First Amendment right to freedom of

Mr. David Smith
March 29, 2019
Page Two

religion and violated the Religious Freedom Restoration Act of 1993. The defendant was entitled to a jury empaneled without such Constitutionally invidious discrimination.

Sincerely,

s/ William Mallory Kent

William Mallory Kent

cc: David P. Rhodes, Assistant United States Attorney with enclosure (*Murphy v. Collier*)

Cite as: 587 U. S. ____ (2019)　　　　1

KAVANAUGH, J., concurring

# SUPREME COURT OF THE UNITED STATES

## PATRICK HENRY MURPHY v. BRYAN COLLIER, EXECUTIVE DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ET AL.

### ON APPLICATION FOR STAY

No. 18A985.　Decided March 28, 2019

　　The application for a stay of execution of sentence of death presented to JUSTICE ALITO and by him referred to the Court is granted. The State may not carry out Murphy's execution pending the timely filing and disposition of a petition for a writ of certiorari unless the State permits Murphy's Buddhist spiritual advisor or another Buddhist reverend of the State's choosing to accompany Murphy in the execution chamber during the execution.

　　JUSTICE THOMAS and JUSTICE GORSUCH would deny the application for a stay of execution.

　　JUSTICE KAVANAUGH, concurring in grant of application for stay.

　　As this Court has repeatedly held, governmental discrimination against religion—in particular, discrimination against religious persons, religious organizations, and religious speech—violates the Constitution. The government may not discriminate against religion generally or against particular religious denominations. See *Morris County Bd. of Chosen Freeholders* v. *Freedom from Religion Foundation*, 586 U. S. ___, ___ (2019) (statement of KAVANAUGH, J., respecting denial of certiorari) (slip op., at 2); *Trinity Lutheran Church of Columbia, Inc.* v. *Comer*, 582 U. S. ___, ___–___ (2017) (slip op., at 13–14); *Larson* v. *Valente*, 456 U. S. 228, 244 (1982). In this case, the relevant Texas policy allows a Christian or Muslim inmate to have a state-employed Christian or Muslim religious adviser present either in the execution room *or* in the

2          MURPHY v. COLLIER

KAVANAUGH, J., concurring

adjacent viewing room. But inmates of other religious denominations—for example, Buddhist inmates such as Murphy—who want their religious adviser to be present can have the religious adviser present *only* in the viewing room and *not* in the execution room itself for their executions. In my view, the Constitution prohibits such denominational discrimination.

In an equal-treatment case of this kind, the government ordinarily has its choice of remedy, so long as the remedy ensures equal treatment going forward. See *Stanton* v. *Stanton*, 421 U. S. 7, 17–18 (1975). For this kind of claim, there would be at least two possible equal-treatment remedies available to the State going forward: (1) allow all inmates to have a religious adviser of their religion in the execution room; or (2) allow inmates to have a religious adviser, including any state-employed chaplain, only in the viewing room, not the execution room. A State may choose a remedy in which it would allow religious advisers only into the viewing room and not the execution room because there are operational and security issues associated with an execution by lethal injection. Things can go wrong and sometimes do go wrong in executions, as they can go wrong and sometimes do go wrong in medical procedures. States therefore have a strong interest in tightly controlling access to an execution room in order to ensure that the execution occurs without any complications, distractions, or disruptions. The solution to that concern would be to allow religious advisers only into the viewing room.

In any event, the choice of remedy going forward is up to the State. What the State may not do, in my view, is allow Christian or Muslim inmates but not Buddhist inmates to have a religious adviser of their religion in the execution room.*

---

*Under all the circumstances of this case, I conclude that Murphy

3          MURPHY *v.* COLLIER

KAVANAUGH, J., concurring

.

———

made his request to the State in a sufficiently timely manner, one month before the scheduled execution.